IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PHIL GOETZ,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN HUDSON,<br><br>    Respondent. | 8:23CV403<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on initial review of Petitioner Phil Goetz's ("Goetz") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.  Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court must dismiss the petition.  Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

  Goetz filed his petition on September 11, 2023, and named the warden of his current facility, USP-Leavenworth, as Respondent.  Goetz pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. 841(a)(1) and (b)(1) and is currently serving a 70-month sentence imposed by Chief Judge Robert F. Rossiter, Jr. on October 20, 2022, in Case No. 8:21CR257.  *See United States v. Phillip D. Goetz*, No. 8:21-cr-00257-RFR-MDN-1 (D. Neb.).[1]  In his petition, Goetz seeks a "2 pt reduction" under "2023 Guidelines 18 USC 3582(c)(2)" which he alleges were

---

[1] The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records.  *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).  Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it.  *Id.*

not effective at the time he filed his petition. Filing No. 1 at 2. Goetz asks the Court to "update [his] release[] date [because] 8-12 months should be taken off [his] sentence per 3582 new 2pt reduction." Id. at 7. The Court's records show that, on July 14, 2023, Goetz filed a motion in Case No. 8:21CR257 asking Chief Judge Rossiter to review his sentence and grant him "relief by applying two level downward adjustment with zero criminal history" under Amendment 821 to the United States Sentencing Guidelines, which had yet to come into effect at the time of his motion. Filing No. 125, Case No. 8:21CR257. After appointing the Federal Public Defender to represent Goetz with respect to a potential sentence reduction based on Amendment 821, see Filing No. 127, Case No. 8:21CR257, Chief Judge Rossiter denied Goetz's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on February 16, 2024. Filing No. 137, Case No. 8:21CR257.

A federal prisoner challenging the legality of his sentence must raise his claims in a 28 U.S.C. § 2255 motion, while a federal prisoner attacking the execution of a sentence should raise his claims in a 28 U.S.C. § 2241 petition. Nichols v. Symmes, 553 F.3d 647, 649 (8th Cir. 2009); see United States v. Hutchings, 835 F.2d 185, 186–87 (8th Cir. 1987) (holding that a federal prisoner challenging the manner, location, or conditions of sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241).

> Section 2255 motions must be brought before "the court which imposed the sentence," whereas a § 2241 habeas petitioner [who] seeks to challenge his present physical custody within the United States . . . should name his warden as respondent and file the petition in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004); but see id. at 451, Rumsfeld v. Padilla, (stating "[T]he question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue[.]") (Kennedy, J. concurring). A federal prisoner may bring a

>habeas claim under § 2241 to challenge the execution of his sentence in the district where he is incarcerated. *Metheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002) (§ 2241 habeas petition is the proper vehicle for a prisoner's request for good time credits to reduce length of imprisonment and must be brought in the district of incarceration).

*United States v. Laurita*, No. 8:13CR107, 2019 WL 2603101, at *1, n.1 (D. Neb. June 25, 2019).

To the extent Goetz's petition challenges the execution of his sentence under § 2241, Goetz filed his petition in the wrong court. Goetz is not confined within the District of Nebraska, and the Court cannot exercise jurisdiction over Goetz's custodian at USP-Leavenworth. Though this Court imposed his sentence, Goetz should have filed his 28 U.S.C. § 2241 habeas petition in the district where he is detained. That Goetz is seeking habeas relief in the wrong venue is a sufficient basis on which to deny and dismiss his petition.

The Court concludes Goetz's petition also should be denied because his request for a two-point sentence reduction based on Amendment 821 to the United States Sentencing Guidelines is not a proper basis for habeas relief under 28 U.S.C. § 2241. "Requests for a sentence modification are reserved for the sentencing court rather than a court sitting in review of a petition for a writ of habeas corpus." *Santovi v. United States*, No. CV 22-2051 (DSD/TNL), 2024 WL 1932683, at *2 (D. Minn. May 2, 2024). The Sentencing Guidelines apply to the sentencing court in the first instance, but they provide no authority for a habeas court to set aside or modify a sentence. *Morales v. United States*, 353 F. Supp. 2d 204, 205 (D. Mass. 2005). Indeed, Goetz's requested relief in his habeas petition is duplicative of his motion for a sentence reduction which

3

Chief Judge Rossiter considered and rejected in Case No. 8:21CR257. As such, the Court finds no basis to award Goetz's requested relief in this habeas action.

IT IS THEREFORE ORDERED that:

1. The habeas petition, Filing No. 1, is dismissed without prejudice.

2. The Court will enter judgment by a separate document.

Dated this 21st day of May, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge